UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : Criminal Action No.:  19-358 (RC) |
| v. | : |
| | : Re Document No.: 20, 21 |
| DEMONTRA HARRIS, | : |
| | : |
| Defendant. | : |

<u>MEMORANDUM OPINION</u>

**Granting Government's Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b); Denying as Moot Defendant's Motion for Disclosure of the Government's Intent to Introduce Rule 404(b) Evidence**

**I.  INTRODUCTION & BACKGROUND**

Defendant Demontra Harris is charged with unlawful possession of a firearm as a person previously convicted of a felony from July 24, 2019 through September 8, 2019, assault with a dangerous weapon, and possession of a firearm during a crime of violence.  Superseding Indictment at 1–2, ECF No. 39.  On July 24, 2019, the D.C. Metropolitan Police Department ("MPD"), responded to a report of gunshots and recovered four 9mm shell casings from an incident scene.  The Government alleges that Mr. Harris was caught on video and later identified by a witness as the individual who discharged a firearm at the incident scene.  Roughly six weeks later on September 8, 2019, during a response to a call for service for a person with a weapon, the MPD recovered a Glock firearm from the top of the kitchen cabinet of the residence of Mr. Harris's girlfriend.  Mr. Harris was not present when the firearm was recovered.  The Government intends to support the unlawful firearm possession charge against Mr. Harris by introducing ballistic evidence linking the shell casings recovered from the July 29, 2019 incident scene to the recovered Glock firearm, along with DNA evidence, and evidence demonstrating a

relationship between Mr. Harris and the original purchaser of the firearm.  The Government also seeks to introduce evidence of Mr. Harris's past conviction for unlawful possession of a firearm at trial under Federal Rule of Evidence 404(b).  *See* Gov't Mot. to Admit Other Crimes Evid. Pursuant to Fed. R. Evid. 404(b) ("Gov't 404(b) Mot."), ECF No. 20.  Mr. Harris was previously convicted in the Superior Court for the District of Columbia for possession of a Glock firearm and ammunition stemming from a police stop that occurred on October 16, 2018.  *See* Gov't 404(b) Mot. Ex. A ("Plea Hearing Tr."), ECF No. 20-1.  This conviction was obtained via a guilty plea.  *Id.*  Mr. Harris opposes the motion, which is now ripe for decision.  *See* Def.'s Opp'n to Gov't Mot. to Admit Other Crimes Evid. Pursuant to Fed. R. Evid. 404(b) ("Def.'s Opp'n"), ECF No. 34; Gov't Reply to Def.'s Opp'n to Gov't Mot. to Admit Other Crimes Evid. Pursuant to Fed. R. Evid. 404(b) ("Gov't Reply"), ECF No. 35.  For the reasons stated below, the Court will grant the motion.

## II.  ANALYSIS

### A.  Prior Bad Acts Evidence

The Government seeks to use Mr. Harris's previous conviction for possession of a firearm against him at trial.  On January 7, 2019, Mr. Harris pled guilty to one count of felony carrying a pistol without a license in the Superior Court for the District of Columbia.  Plea Hearing Tr. at 4.  The Government argues that this conviction helps establish the required mental state for the possession charge in the instant case, that Mr. Harris "knowingly possessed the firearm recovered from his girlfriend's residence."  Gov't 404(b) Mot. at 2, 6.  Whether the Government can use Mr. Harris's prior conviction for this purpose depends on if it meets the requirements of Federal Rule of Evidence 404(b).

Federal Rule of Evidence 404(b) prohibits use of evidence of a crime "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But the rule affirmatively states that such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* 404(b)(2). Consequently, the rule "does not prohibit character evidence generally, only that which lacks any purpose but proving character." *United States v. Bowie*, 232 F.3d 923, 930 (D.C. Cir. 2000) (noting "[a] proper analysis under Rule 404(b)" asks "is the other crime or act relevant and, if so, relevant to something other than the defendant's character or propensity?"). It is thus "a rule of inclusion rather than exclusion." *Id.* at 929.

That said, Rule 404(b) is simply the first stage of the inquiry as to whether other crimes evidence is admissible. "Evidence that is admissible under Rule 404 may nonetheless be excluded under Rule 403 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'" *United States v. King*, 254 F.3d 1098, 1100 (D.C. Cir. 2001) (quoting Fed. R. Evid. 403). Courts assessing the admissibility of prior convictions must consider both rules. *United States v. Miller*, 895 F.2d 1431, 1435 (D.C. Cir. 1990).

1. Mr. Harris's Prior Conviction is Both Relevant and Not Propensity Evidence

Mr. Harris's prior conviction satisfies Rule 404(b)'s requirements. He is currently charged with being a felon in possession of a firearm. Superseding Indictment at 1. One of the prosecution's theories of the case is that he constructively possessed the firearm recovered from his girlfriend's apartment on September 8, 2019. Gov't 404(b) Mot. at 5. That means the Government must prove that Mr. Harris "knew of, and was in a position to exercise dominion

3

and control over" the firearm in question. *United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) (quoting *United States v. Clark*, 184 F.3d 858, 863 (D.C. Cir. 1999)).

Contrary to Mr. Harris's contention that this evidence is impermissible propensity evidence, Def.'s Opp'n at 3, the law is well established that the Government can introduce evidence of a defendant's past crimes to show the required knowledge or intent element for a firearm possession charge. *See, e.g.*, *United States v. Bell*, 795 F.3d 88, 99 (D.C. Cir. 2015) ("Knowledge of firearms is a permissible purpose under Rule 404(b).  Prior use and familiarity with firearms is relevant to satisfying the scienter requirement to multiple charged offenses . . . ." (citations omitted)); *Cassell*, 292 F.3d at 794–95 ("A prior history of intentionally possessing guns . . . is certainly relevant to the determination of whether a person in proximity to such a chattel on the occasion under litigation knew what he was possessing and intended to do so."); *United States v. McCarson*, 527 F.3d 170, 173 (D.C. Cir. 2008) (determining that evidence of defendant's prior firearm possession conviction was admissible under Rule 404(b) where defendant disputed knowledge of firearm recovered from his girlfriend's apartment). Mr. Harris's previous possession conviction shows his familiarity with the firearm in question, a relevant purpose other than proving character or propensity, so Rule 404(b) does not bar this evidence.[1]

---

[1] That the Government seeks to prosecute Mr. Harris's case as primarily one of actual possession based on the proffered video evidence does not disqualify this 404(b) other crimes evidence that is relevant to proving knowledge under the alternative theory of Mr. Harris's constructive possession of the firearm.  Where constructive possession is at issue, even where the prosecution is primarily focused on proving actual possession, Rule 404(b) evidence can be introduced to show knowledge.  *See United States v. Garner*, 396 F.3d 438, 444 (D.C. Cir. 2005).  Constructive possession is at issue here given that the jurors could conclude based on the record that Mr. Harris actually or constructively possessed the firearm (or both).

2. Mr. Harris's Past Conviction is Not Unfairly Prejudicial Under Federal Rule of Evidence 403

Turning to the second prong of the 404(b) analysis, the Court must next determine if the probative value of introducing Mr. Harris's previous possession conviction is substantially outweighed by a danger of unfair prejudice.  Fed. R. Evid. 403.

Mr. Harris's past firearm possession conviction is highly probative to the case at hand. The fact that Mr. Harris previously possessed the same type of Glock firearm "tends to make it less probable that the [recovered firearm] w[as] there without his knowledge, without intent, or by accident or mistake."  *Cassell,* 292 F.3d at 796.  Indeed, in a highly similar set of factual circumstances, the court in *McCarson* found that a defendant's prior conviction for firearm possession was "highly probative" to a constructive firearm possession charge pending against him, determining that this prior act evidence "tended to undercut [the defendant's] argument at trial that the contraband belonged to his girlfriend because the Marshals found the contraband in his girlfriend's apartment."  *McCarson*, 527 F.3d at 174.  The probative value of Mr. Harris's previous conviction is also enhanced given its temporal proximity to the alleged offense.  The D.C. Circuit "ha[s] held that when evidence of prior bad acts is introduced to show [a] defendant's knowledge. . . it cannot be stale."  *United States v. Oral George Thompson*, 921 F.3d 263, 269 (D.C. Cir. 2019).  Staleness is not at issue here, as Mr. Harris's prior firearm possession conviction occurred just seven months before the conduct that is the focus of this action.  For both of these reasons, this evidence has significant probative value.

Given the highly probative value of this 404(b) evidence, the Court does not find it to be substantially outweighed by the danger of unfair prejudice.  Fed. R. Evid. 403.  While there is always a risk that jurors will misuse evidence of this type to veer into an impermissible propensity inference, this risk, absent "compelling or unique evidence of prejudice"—none of

which exists in this case— "cannot give rise to a *per se* rule of exclusion." *United States v. Douglas*, 482 F.3d 591, 601 (D.C. Cir. 2007).[2]  The Court also believes that any such prejudice can be successfully mitigated by an instruction to the jury that this evidence is to be considered only with respect to the issues of knowledge and intent.  This Circuit has found that such a limiting instruction should be more than sufficient to "protect a defendant's interest in being free from undue prejudice by virtue of his prior conviction(s) being put into evidence." *McCarson*, 527 F.3d at 174 (citing *Cassell*, 292 F. 3d at 796) (internal quotation marks omitted).

### B.  Grand Jury Variance

Mr. Harris also argues that the admission of this 404(b) evidence to support a finding that he was in constructive possession of the firearm amounts to a prohibited "variance" on his grand jury indictment, and accordingly must be barred.  Def.'s Opp'n at 6.  A variance "occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *Gaither v. United States*, 413 F. 2d 1061, 1071 (D.C. Cir. 1969).  Such an act deprives a defendant of the required notice and details of the charge against them, in violation of the Fifth Amendment's presentment clause. *Id*. at 1072.  In response, the Government argues that no variance has occurred here, and reminds Mr. Harris that notice of the superseding indictment was provided in April of 2020.  Gov't Reply at 4–5.  The Court agrees that this argument is without merit.

Mr. Harris relies solely on the opinion in *Gaither* to argue that the Government's plan to pursue both actual and constructive theories of firearm possession at trial amount to "a variance

---

[2] The Court is also reassured that the Government has sought to limit the risk of prejudice as it is only seeking to admit other acts evidence of Mr. Harris' prior firearm possession (which concerns the same type of Glock handgun at issue here), and not his prior arrests for armed robbery or domestic violence. *See* Gov't Reply at 5–6.

[that] would deprive [Mr. Harris] of the notice and details of the charge." Def.'s Opp'n at 6 (citing *Gaither*, 413 F.2d at 1071–72). Mr. Harris's argument seems to be that the Government was required to delineate Mr. Harris's manner of possession of the firearm (*i.e.*, constructive vs. actual possession) in the Indictment or Superseding Indictment, and without this detail, he has been deprived the required notice and particulars of the charge against him. But this misunderstands the required elements of an indictment. The Government need only list the elements of the charged offense in an indictment, and is not required to delve into the specifics of their theories of liability. *See, e.g.*, *United States v. Resendiz–Ponce*, 549 U.S. 102, 108 (2007) (describing the "two constitutional requirements for an indictment" as "first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense") (internal quotations omitted). Consequently, "an indictment drawn in more general terms may support a conviction on alternate bases," *United States v. Sitzmann*, 74 F.Supp.3d 96, 122 (D.D.C. 2014), such as the constructive and actual possession theories available here based on the facts alleged concerning Mr. Harris's firearm possession. *See Garner*, 396 F.3d at 445 (describing availability of constructive and actual possession theories of liability under an unlawful firearm possession charge). In short, the Government's planned use of both actual and constructive firearm possession theories at trial does not amount to an attempt to prove at trial facts materially different from those alleged in the Superseding Indictment.[3]

---

[3] Notably, contrary to Mr. Harris's argument that the facts of this case are "precisely the danger . . . noted in *Gaither*," Def.'s Opp'n at 6, the Court fails to identify any factual similarities to the instant case. In *Gaither*, the government drafted an indictment after presenting to the grand jury, meaning the actual indictment setting out the elements of the crime was signed only by the jury foreman, raising the possibility that the grand jury would not have indicted based on

Further reinforcing that no variance has occurred is the fact that Mr. Harris has been given adequate notice and details of the charges against him. The Government first notified him of the additional Unlawful Possession of a Firearm charge and the relevant date range in a filing made on April 17, 2020, almost six months ago. [4] *See* Gov't 404(b) Mot. at 1. And even if there was a variance (which again, the Court has not found here), "[a]s long as the defendant is on notice of the charges against him and the trial evidence does not alter 'an essential element of the charge,' the law permits some variance in proof between the grand jury and at trial." *United States v. Apodaca*, 287 F. Supp. 3d 21, 48 (D.D.C. 2017). Because Mr. Harris has been provided adequate notice of the charges against him and no essential elements of the Indictment against him have been altered, his grand jury variance argument is without merit.

### C. Mr. Harris's Motion for Disclosure of Rule 404(b) Evidence

Also pending before the Court is a Motion by Mr. Harris seeking disclosure of the Government's Rule 404(b) Evidence ("Def.'s Mot."), ECF No. 21. Mr. Harris used this motion to request that the Court order the Government to "clarify their evidentiary presentation and identify evidence that may be labeled as other crimes evidence under Rule 404(b)." Def.'s Mot at 2. The Government has not responded to this motion. However, on the same day that Mr.

---

the finalized text of the indictment, spelling out each element of the alleged offenses. *Gaither*, 413 F.2d at 1068, 1071. This is not an issue here. The grand jury was presented with and approved a superseding indictment that contained the required elements of the possession offense that Mr. Harris is charged with—including a date range that encompasses Mr. Harris's alleged actual and constructive possession of the firearm. Gov't Reply at 4–5; Superseding Indictment at 1.

[4] While admittedly there was a delay in executing the Superseding Indictment until October 13, 2020, this delay was reasonable in light of the global COVID-19 pandemic which restricted the availability of the grand jury to convene. Furthermore, the relevant content that would eventually be included in the Superseding Indictment—including the possession charge and date range of the alleged unlawful possession—was made available to Mr. Harris in April of 2020.

Harris filed this motion, the Government filed their 404(b) Motion for Other Crimes Evidence, which identifies the Rule 404(b) evidence they are seeking to admit at trial, fulfilling Mr. Harris's request.  Accordingly, the briefing on the Government's 404(b) Motion and the issuance of this opinion have rendered moot any remaining arguments made by Mr. Harris in his motion. The motion seeking disclosure of the Government's Rule 404(b) evidence is therefore denied as moot.

### III.  CONCLUSION

For the foregoing reasons, the Government's motion in limine to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b), ECF No. 20, is granted, and Mr. Harris's Motion for Disclosure of the Government's Intent to Introduce Rule 404(b) Evidence, ECF No. 21, is denied as moot.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  November 4, 2020                                      RUDOLPH CONTRERAS
                                                                                          United States District Judge